## AMERICAN NAT. CO. v. THOMPSON SPOT WELDER CO.

Ohio Appeals, 6th Dist., Lucas Co.

First Publication of this Opinion.

Syllabus by Editorial Staff.

384. DEMURRER—923. Pleadings.

Where answer, by general denial, presents issue of fact, and sets up new matter which does not constitute defense, general demurrer to answer should be overruled.

513. FALSE REPRESENTATIONS—897. Patents.

Statement that devise is or is not patentable is matter of opinion, and falsity of representations of that character not ground for avoiding contract.

Error to Common Pleas.

Judgment reversed.

Taber, Chittenden, Daniels & Cochrane, Toledo, for National Co.

Kirkbride, McCabe & Boesel, Toledo, for Thompson Spot Welder Co.

## STATEMENT OF FACTS.

The plaintiff below, The Thompson Spot Welder Company, brought an action against the defendant, The American National Company, to recover the so-called royalty upon a contract licensing a spot welding machine. A demurrer to the answer was sustained after which, the defendant below not desiring to plead further, a judgment was entered in favor of the plaintiff for the amount claimed, with interest.

The petition sets forth, in substance, that the plaintiff and The American Wheel Company entered into an agreement in writing whereby the plaintiff licensed The American Wheel Co. to use a spot welding machine in manufacturing vehicles; that, in consideration therefor, The Wheel Co. agreed to pay plaintiff $250 per year, with certain deductions for certain idle time of the machine. That thereafter, the Wheel Company, with the consent of plaintiff, assigned all its rights, title and interest in and under said contract to the defendant the American National Co., and that said defendant "in consideration thereof, promised and agreed to assume all obligations and be bound by all the covenants of The American Metal Wheel Co. under said contract": that the defendant had paid no part of said royalties since July 1, 1920, and submitted no statement of the number of hours less than 300 per quarter which said machine had been used by the defendant since said last named date.

The answer of the defendant, admitted its corporate existence admitted the assignment of the contract, and its failure to pay royalties or report idle time and denied all other allegations not specifically admitted. The answer

then set forth, as an affirmative defense, that the assignment of the contract by The American Metal Wheel Co. to the defendant was invalid for the reason that it was not supported by sufficient consideration and was induced by fraudulent representation of the plaintiff that it had a valuable and enforcible patent covering the spot welding machine, which representation was false, that the patent was in fact invalid and had been held invalid by an adjudication of the Federal Court.

### OPINION OF COURT.

The following is taken, verbatim, from the opinion.

### WILLIAMS, J.

The sole question of error presented to the court in this proceeding in error is whether or not the Court of Common Pleas erred in sustaining the demurrer to the answer.

It is a general principle that an assignment of a contract does not operate to cast upon the assignee, liabilities imposed by the contract on the assignor. 2 R. C. L. 625, Sec. 34. While the answer admits the assignment, it denies under the general denial contained therein, that the defendant promised and agreed to assume all obligations and be bound by the covenants of The American Metal Wheel Company under said contract. The demurrer of plaintiff to the answer was a general demurrer and not a demurrer to the new matter set up by way of defense. As an issue of fact was presented under the general denial as to whether or not the defendant agreed to assume such obligations and be bound by such covenants, the answer was not demurrable and the court erred to the prejudice of plaintiff in error sustaining the demurrer.

This court held in Gould v. Gerken, Vol. 33 Court of Appeals Opinions, sixth District, unreported, pg. 212, that a statement that a device is or is not patentable is a matter of opinion and that the falsity of a representation of that character could not afford a ground for avoiding a contract. A representation that a patent is valid is a matter of opinion on a question of law and cannot, as a rule,. be a basis for avoiding a contract.

There is no allegation contained in the new matter which shows that the alleged false representation was intended and accepted by the parties as a statement of fact and not a mere expression of opinion. If the defendant below assumed the liabilities and obligations of the assignor as a part of the contract of assignment and thereafter continued to use the spot welding machine, unmolested, under and by virtue of the terms of the license contract in question, it could not avoid liability for the royalties, merely because the patent was invalid.

The averment of the answer that the contract was not supported by sufficient consideration is defensive matter. The defense, based on fraudulent representation, however, is wholly insufficient, for the reasons indicated.

The judgment of the court below is reversed with instructions to overrule the demurrer to the answer and for further proceedings.

(Richards and Lloyd, JJ., concur.)